# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 31, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

160907-8 & (74)

LEAGUE OF WOMEN VOTERS OF
MICHIGAN, MICHIGANDERS FOR FAIR
AND TRANSPARENT ELECTIONS,
HENRY MAYERS, VALERIYA
EPSHTEYN, and BARRY RUBIN,
           Plaintiffs-Appellees,

and

SENATE and HOUSE OF REPRESENTATIVES,
           Intervenors-Appellants,

v

SECRETARY OF STATE,
           Defendant-Appellee.

SC:  160907
COA:  350938
Court of Claims:  19-000084-MM

_____/

SENATE and HOUSE OF REPRESENTATIVES,
           Plaintiffs-Appellants,

v

SECRETARY OF STATE,
           Defendant-Appellee.

SC:  160908
COA:  351073
Court of Claims:  19-000092-MZ

_____/

On March 11, 2020, the Court heard oral argument on the application for leave to appeal the January 27, 2020 judgment of the Court of Appeals and the motion to intervene.  On order of the Court, the application and the motion to intervene are again considered.  MCR 7.305(H)(1).  We DIRECT the parties and the proposed intervenors to

file supplemental briefs within 28 days of the date of this order addressing: (1) whether this case has become moot by virtue of the fact that Michiganders for Fair and Transparent Elections (MFTE) is no longer pursuing its ballot initiative, see *Anway v Grand Rapids R Co*, 211 Mich 592 (1920), and compare *Personhood Nevada v Bristol*, 126 Nev 599 (2010), and *Poulton v Cox*, 368 P3d 844 (Utah, 2016), with *Meyer v Grant*, 486 US 414, 417 n 2 (1988); (2) whether the remaining plaintiffs, League of Women Voters of Michigan, Henry Mayers, Valeriya Epshteyn, and Barry Rubin, have standing; (3) whether, if this case has become moot as to MFTE and no other plaintiff has standing, this Court should vacate the judgment of the Court of Appeals reported at ___ Mich App ___ (2020), and the judgment of the Court of Claims (Docket Nos. 19-000084-MM and 19-000092-MZ), see *Anglers of the AuSable, Inc v Dep't of Environmental Quality*, 489 Mich 884 (2011) (vacating this Court's and the Court of Appeals' opinions because the issue was moot), citing *United States v Munsingwear, Inc*, 340 US 36, 39-40 (1950) ("The established practice of the Court in dealing with a civil case . . . which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below . . . . When that procedure is followed, the rights of all parties are preserved . . . ."); and (4) if the Court does proceed to the merits, whether any ruling by this Court should apply prospectively only, see *Pohutski v City of Allen Park*, 465 Mich 675 (2002).

MARKMAN, J. (*dissenting*).

I would not direct the parties and the proposed intervenors to file supplemental briefs.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 31, 2020



Clerk

b0728